## JACOB F. BROWN & A. *v.* DANIEL WENTWORTH & A.

In personal actions the nonsuit of one of several co-plaintiffs is the nonsuit of all.

In such an action where one of several co-plaintiffs, each having equally an interest in the cause of action and maintaining the suit, if at all, in his own right and for his own benefit, and having an equal right to control the suit, shows the court that the suit is brought without his knowledge, consent or authority, and, by petition duly presented, requests to be nonsuited, and no fraud appears, ordinarily a nonsuit will be entered as to all the plaintiffs.

In such a case an offer of indemnity by the other co-plaintiffs to the plaintiff thus petitioning, not made till after the presentation of such petition, will not ordinarily be sufficient to prevent the entry of a nonsuit.

TRESPASS. The declaration alleges that the defendants dug out, cut and severed the plaintiffs' lead pipe, by means of which for a long time before they had drawn water for the supply of their several residences, thereby stopping the supply.

All the plaintiffs, except Brown, came into court with the following petition:

### SUPREME JUDICIAL COURT.

CARROLL SS.

April Term, 1866.

To the Honorable Justices of said Court:

We, the undersigned, finding ourselves named in the action of Jacob F. Brown, Loammi Hardy, Leander D. Sinclair, Asa Beacham, and Luther D. Sawyer, against Daniel Wentworth and Kirk B. Neal, now pending in said court, respectfully represent that said action was commenced, and our names used as plaintiffs without our consent, knowledge or authority, and we object to the prosecution of said action in

our names, and do hereby forbid the attorneys of said plaintiffs further prosecuting the same. ' That we have no doubt that the said defendants, at the time the alleged trespass was committed, had a legal right to dig out, cut, and sever the said lead pipe of the plaintiffs, and to perform the acts alleged in said declaration, the said pipe being upon the land of the defendants. We, therefore, become nonsuit in said action, and pray the court so to order, and to protect us in the premises.

L. D. SINCLAIR,
L. D. SAWYER,
LOAMMI HARDY,
ASA BEACHAM.

It was agreed that the plaintiffs of record are equally plaintiffs in interest, and that Brown is not assignee of either of them, and has no interest in the action different from the others, and that he cannot maintain this action without joining them.

The plaintiff Brown offered to give the other plaintiffs such indemnity as the court might order.

The questions arising on the foregoing case were reserved.

*Carter* and *Stevens*, for the plaintiff Brown.

*Hobbs* and *Sawyer*, for the four other plaintiffs.

*Quarles*, for defendants.

BARTLETT, J.   In this action none of the plaintiffs stand in the position of assignors or trustees, but each "has an equal interest in the claim in suit, and maintains the action, if at all, in his own right and for his own benefit," and "each has an equal right to control the suit;" and there is no evidence of "any fraudulent or covinous contrivance to defeat the action." The case of *Caverly* v. *Jones*, 23 N. H. 578, must, therefore, be decisive here; and as four of the five co-plaintiffs show to the court that the action was brought without their consent, knowledge or authority, and request to be nonsuited, a nonsuit must be entered as to all the plaintiffs. It does not appear that any application to these four plaintiffs to permit their names to be used in the action, or any offer of indemnity to them had ever been made by Brown until after they had presented their petition to the court; and we do not see how this offer of such indemnity as the court may order can in law stand any better than the proposition of the counsel for the twenty-nine plaintiffs in *Caverly* v. *Jones*, 23 N. H. 575, that "the action be suffered to proceed," the other three plaintiffs "being indemnified against costs." In the present case it is unnecessary to decide whether to the ordinary rule there may not exist exceptions, where, from the necessity or peculiar circumstances of the case, a prior request or notice and offer of indemnity should not be required or held essential to the proper com-

mencement of the action, as here no facts are stated to take the case out of the ordinary rule.

There must, therefore, be

*A nonsuit.*